**ISOLENE REDDICK and ANNIE MAE GIBSON, v. STATE OF FLORIDA.**

7 So. (2nd) 853                                    Division A
May 5, 1942

Fuller Warren, for appellants.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

BUFORD, J.:

Appeal brings for review judgments against appellants on plea of guilty.

Appellants contend that the judgments should be reversed because the pleas were entered under duress and because confessions made prior to the entry of pleas of guilty were procured by duress, cruel treatment and promise of light sentence.

Motions to set aside the judgments and allow the defendants to withdraw the pleas of guilty and enter pleas of not guilty with supporting affidavits were presented to the trial court within the terms but several days after the entry of judgment.

The averments of the motions and the allegations of the affidavits, if true, were sufficient to require the granting of the motions. The court, however, caused the witnesses who made the arrests and who were present during the pre-trial questioning of the defendants and who were present when the confessions were dictated, and signed by the defendants, to be brought in and to testify in regard to the matters complained of.

The testimony of these witnesses, if true, was sufficient to show that no unfair advantage had been taken of the defendants and that they had not been mistreated or misled or denied any legal right, and that their confessions were freely and voluntarily made. The evidence adduced before the court showed that the goods alleged to have been stolen by the defendants were found in an automobile in which the defendants had placed them after stealing them. The statements made in the confessions are amply substantiated by other evidence.

We cannot say that the appellants have made it clearly to appear that the trial court abused its judicial discretion in entering the judgments or in denying the motions to vacate the judgments and allow the defendants to enter pleas of not guilty.

Judgment affirmed.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.